IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00120-DDD-MEH

ROBERT JONAH WAAK,

      Plaintiff,

v.

CITY OF WOODLAND PARK, COLORADO, and
WOODLAND PARK POLICE DEPARTMENT,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Dismiss. ECF 11. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the following reasons, I respectfully recommend that the Motion be granted.

## BACKGROUND

### I.      Plaintiff's Allegations

For purposes of this ruling, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Complaint (ECF 1). *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis). Given his *pro se* status, the Court also includes for consideration information that he provides in his filings at ECF 15 and ECF 17.

Plaintiff's allegations are vague. In his Complaint, he references a police investigation

that occurred on January 15, 2015 that concerned both his family and him. He alleges that the police refused to inform him of the reason for the investigation and "violently attacked [him] for absolutely no reason." Plaintiff says there are both "official police video" of the incident and "personal surveillance videos" of presumably ongoing harassment and intimidation since 2015.

Plaintiff's filings at ECF 15 and ECF 17 add no further information about the January 15, 2015. Instead, they focus on an incident on May 17, 2022 (after Plaintiff had commenced this civil action) which he characterizes as a false wellness check prompted by a call from an out-of-state person who "hates [his] RACE and hates [his] religion." ECF 17 at 1. He submits into the record at ECF 18 six DVD videos. At ECF 17, he explains that they are videos recorded by the body camera of a specific police officer of the May 17, 2022. At ECF 15, Plaintiff says that law enforcement officers from both the Woodland Park Police Department and Teller County Sheriff's Department conducted the May 17, 2022 visit. He alleges that they "stormed [his] home in an act of intimidation and harassment regarding this federal lawsuit" and "attempted to get [him] to react to their crimes so they could illegally arrest [him] again" to hinder his ability to file papers for his lawsuit. ECF 15 at 1.

The Court notes that Plaintiff makes no mention of ever being arrested or detained. Nor does he say he was subject of any criminal charge or civil commitment.

## II.     Claims for Relief

Plaintiff alleges that the January 15, 2015 investigation and the ongoing harassment and intimidation since then were "based on religious hate and intolerance" (ECF 1 at 4) which he frames in terms of a constitutional violation. Although Plaintiff does not specifically cite it, Defendants assume that Plaintiff proceeds on 42 U.S.C. § 1983 as his cause of action.

**LEGAL STANDARDS**

I.      **Rule 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must exclude "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the well-pleaded averments state a plausible claim for relief, then it survives a motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). "The plausibility standard does not require a showing of probability that 'a defendant has acted unlawfully,' but

3

requires more than 'a sheer possibility.'" *Parshall v. Health Food Assocs., Inc.*, No. 14-4005-JAR, 2014 WL 2547761, at *1 (D. Kan. June 5, 2014). While the Rule 12(b)(6) standard does not require that a plaintiff establish a *prima facie* case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*.

## II.    Treatment of a *Pro Se* Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The Tenth Circuit interprets this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, that

does not mean that a court should "assume the role of advocate for the *pro se* litigant." *Id.* A court will not assume fact allegations that have not been pleaded or construct a legal theory on the plaintiff's behalf to round out the complaint. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

**DISCUSSION**

Title 42 U.S.C. § 1983 provides the vehicle by which Plaintiff can sue a state actor for an alleged deprivation of constitutional rights. The Court considers below whether Plaintiff pleads the elements required to state a Section 1983 theory and whether there are other legal defects that bar it.

The Court begins by noting that the police department is not a suable entity. As such, Plaintiff may not proceed with her Section 1983 claim against the Woodland Park Police Department as a named Defendant. The proper entity instead is the City of Woodland Park, the municipal government entity responsible for the police department. *Wojdacz v. Colorado Springs City Police Department*, No. 12-cv-01483-REB-MEH, 2013 WL 674054, at *11 (Jan. 3, 2013) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). Therefore, the Woodland Police Department should be dismissed with prejudice.

That brings the discussion around to the other named Defendant, the City of Woodland Park. Another requirement of a Section 1983 claim is direct causal relationship between the defendant's conduct and the constitutional violation. In other words, Person B cannot be held liable for the constitutional violation caused by Person A simply by virtue of being Person A's supervisor or employer. *Watkins v. Douglas County*, No. 20-cv-01172-RM-MEH, 2020 WL 8408482, at *13 (Sept. 15, 2020). As such, to hold the City of Woodland Park liable, Plaintiff must plead (1) the existence of conduct *by the municipality* in the form of a custom or policy that

5

(2) directly caused the alleged constitutional violation. *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). Plaintiff identifies no action by the municipality that has a direct causal relationship with the harassment and intimidation subject of his Complaint.

Nor does Plaintiff name any individual police officer who conducted the May 17, 2022 investigation or took any other action against him. The requirement for direct causal relationship means that Plaintiff cannot sue "the police" generally but rather must name the actor responsible for the constitutional violation. *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

A third facet of a Section 1983 claim concerns when the alleged constitutional violation occurred. A plaintiff must file the lawsuit within two years of the accrual of the Section 1983 claim. *Carbajal v. McCann*, 808 F. App'x 620, 633 (10th Cir. 2020). A Section 1983 claim accrues when the defendant committed the wrongdoing and the plaintiff suffered the injury. *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). In other words, Plaintiff must bring his Section 1983 lawsuit within two years from the date when he knew or should have known that his constitutional rights had been violated. *Jones v. Bent County Corr. Facility*, No. 19-cv-03610-WJM-MEH, 2020 WL 8834798, at *6 (D. Colo. Dec. 11, 2020).

Plaintiff bases this lawsuit on a January 15, 2015 investigation at which time the police not only refused to inform him of the reason for it but also violently attacked him. Consequently, the statute of limitations to bring any claim related to law enforcement conduct on that day expired two years later on January 15, 2019. Plaintiff commenced this lawsuit well afterwards, on January 14, 2022. Plaintiff also mentions ongoing harassment and intimidation but in a very vague and conclusory way. Any act comprising that aspect of his Complaint that occurred before January 14, 2020 would be time-barred as well. In his Complaint, Plaintiff identifies no specific

incident between January 15, 2020 and January 14, 2022 on which the present lawsuit could be based.

In later filings Plaintiff mentions an incident on May 17, 2022. He says that on that date, law enforcement conducted a wellness check without a legitimate basis. He presents it as the most recent example of the kind of harassment and intimidation that he says he has been experiencing. In that broad sense, therefore, it relates to Claim Two of his Complaint. Moreover, he does mention an individual police officer who presumably was present in some capacity. However, as with his allegations generally, there is no basis by which to link any actor to the alleged constitutional violation.

## III.    Leave to Amend

The Court notes the Tenth Circuit's general rule to permit a *pro se* litigant leave to amend if it is all possible that pleading defects can be cured or a plausible claim for relief stated. *Brandt v. Crone*, No. 19-cv-03103-MEH, 2021 WL 681441, at \*6 (D. Colo. Feb. 22, 2021) (citing *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). Such a *possibility* may exist with respect to the May 17, 2022 incident (or any other specific incidents of harassment or intimidation that has occurred since January 14, 2020). However, Plaintiff will need to plead Claim Two with "when, who, and how" details. In other words, he must name what individual law enforcement officers took action that violated his constitutional rights and when it occurred. Should he continue to name the City of Woodland Park as a Defendant, he must draw a link between some custom or policy of it and the complained-of harassment and intimidation.

The Tenth Circuit permits dismissal with prejudice and without leave to amend if the futility of such is obvious. *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). The Court denies leave to

proceed on Claim One or any other incident that occurred before January 15, 2020. The Court

also dismisses with prejudice the Woodland Park Police Department as a named Defendant.

### <u>CONCLUSION</u>

Accordingly, the Court respectfully recommends[1] that the Motion to Dismiss [filed May

13, 2022; ECF 11] be **granted** with leave to amend to the extent instructed above.

Respectfully submitted this 16th day of June, 2022, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

1 Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).