IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00120–DDD–MDB

ROBERT JONAH WAAK,

      Plaintiff,

v.

CITY OF WOODLAND PARK,

      Defendant.

---

# ORDER

---

This matter is before the Court on Defendants' "Renewed Motion to Stay Case and Vacate Scheduling Conference." (["Motion"], Doc. No. 65.) Plaintiff Robert Jonah Waak has filed a response to the Motion. (["Response"], Doc. No. 68.) The Court did not permit a reply. (Doc. No. 67.) Relevant to this Motion, Defendants have moved to dismiss the operative complaint. (Doc. No. 53.) Defendants' motion to dismiss is fully briefed and has been referred to the undersigned for a recommendation. (Doc. No. 54.)

## SUMMARY FOR *PRO SE* LITIGANT

The Court is issuing a temporary stay. When a court considers whether to grant or deny a request to stay, the court must weigh several factors, known as the "*String Cheese* Factors." After weighing each of those factors carefully, including the prejudice that may result to you if the case is temporarily stayed, and the burden on Defendants as well as others

if they are forced to proceed right away, the Court has concluded that a stay in this case is appropriate. The stay will be lifted, and the case will proceed, if any portion of your Amended Complaint survives Defendants' pending motion to dismiss. Once the presiding judge has issued a final ruling on Defendants' motion to dismiss, and assuming some or all of your claims can proceed, you and Defendants will have ten (10) days to file a joint status report that will alert this Court as to the necessary next steps for this case.

## BACKGROUND

Plaintiff, proceeding *pro se*, alleges the City of Woodland Park and the Woodland Park Police Department have inflicted harm upon him based on "Religious Hate & Intolerance." (Doc. No. 1 at 4-5.) In the latest and now operative complaint, Plaintiff alleges that his constitutional right to religious freedom was violated "under the guise of a 'welfare check,'" and because the "Woodland Park Police used religious bias in their investigation and created an illegal case against [him] so they could arrest [him] and illegally imprison him for over 10 days in attempt [sic] to justify their illegal investigation and violent attack (as seen on video) that was based upon religious hate and intolerance." (Doc. No. 50 at 4.) Plaintiff also alleges that "[o]n July 13, 2020, the same, said officers of Woodland Park Police Department, returned to the home of their victims, in an act of intentional infliction of emotional distress to harass and intimidate[.]" (*Id.*)

## PROCEDURAL HISTORY

Although this case is in the relatively early stages of litigation, the activity thus far provides important context:

- Plaintiff filed his original complaint on January 14, 2022. (Doc. No. 1.)

- On May 13, 2022, Defendants moved to dismiss all claims. (Doc. No. 11.)

- On June 6, 2022, Defendants moved to stay the case and vacate the original scheduling conference, pending resolution of their motion to dismiss. (Doc. No 21.)

- On June 24, 2022, Magistrate Judge Michael Hegarty, granted the motion to stay and vacated the original scheduling conference. (Doc. No. 29.)

- On July 14, 2022, Judge Daniel Domenico granted Defendants' motion to dismiss, adopting Magistrate Judge Hegarty's recommendation over Plaintiff's objection. (Doc. No. 34.) Specifically, Judge Domenico held that "the Woodland Park Police Department is the incorrect entity to be named in this action and claims against it should be dismissed with prejudice." (Doc. No. 34 at 2.) He also held that Plaintiff "failed to identify a direct causal relationship as required to establish municipal liability, and has not named any individual police officer who conducted the May 17, 2022, investigation." (*Id*.) He also agreed with Judge Hegarty's recommendation that because "Plaintiff bases this lawsuit on a January 15, 2015 investigation . . . the statute of limitations to bring any claim related to law enforcement conduct on that day expired two years later on January 15, 2019." (Doc. No. 25 at 6.) Thus, Judge Domenico ordered that "[a]ny actions that occurred before January 14, 2020 are time-barred." (Doc. No. 34 at 2.) Judge Domenico granted Plaintiff leave to amend based on an incident that allegedly occurred on

May 17, 2022. (*Id.*)

- On July 15, 2022, Defendants moved to lift the stay, but noted there was no operative pleading on file and reserved the right to seek another stay in the future. (Doc. No. 35).

- On July 18, 2022, the Court lifted the stay. (Doc. No. 37.)

- Plaintiff filed various letters and objections with the Court.  (Doc. Nos. 38, 39, 40, 41.)  On July 25, 2022, the Court denied Plaintiff's letter via a minute order and instructed him to file an amended complaint.  (Doc. No. 43.)

- On July 28, 2022, Plaintiff filed his Amended Complaint, which is now the operative pleading in this civil action.  (Doc. No. 50.) Although the Amended Complaint does not allege a May 17, 2022 incident, it does allege a July 13, 2020 incident, and vaguely references potential incidents in the several months following. (*Id.* at 4.) The Amended Complaint also repeats some of the allegations in the previous complaint, focusing on the January 15, 2015 incident. (*Id.*)

- On August 10, 2022, Defendants moved to dismiss Plaintiff's Amended Complaint. (Doc. No. 53.) That motion is now fully briefed and referred to the undersigned for a recommendation. (Doc. No. 54.)

- On November 14, 2022, the Court issued an order setting a Scheduling Conference and a deadline by which to file a proposed scheduling order.  (Doc. No. 64.)

- On November 15, 2022, Defendants moved for a stay pending adjudication of their motion to dismiss. (Doc. No. 65.) Plaintiff has objected to any further stays. (Doc.

No. 68.).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

Rule 26(c), however, permits a court to "make an order which justice requires to protect a party .

. . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan.*

*City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF*

*Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver*

*Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No.

06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery

rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel*

*Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the]

plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice

to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4)

the interests of persons not parties to the civil litigation; and (5) the public interest." *String*

*Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo.

Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a

particular case it would be wise to stay discovery on the merits until [certain challenges] have

been resolved."  8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010).

## ANALYSIS

***Prejudice to Plaintiff and Burden on Defendants***

Defendants argue that the "Court should stay all proceedings in this case pending adjudication of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 53), and should vacate the Scheduling Conference currently set for December 19, 2022." (Doc. No. 65 at 4.) Specifically, Defendants argue that "[t]he first two factors favor a stay in this case[,]" because the harm to Plaintiff is outweighed by the burden on Defendants, particularly where a favorable ruling on the pending motion to dismiss would "completely resolve the entire action." (*Id.*) They argue that if the case is not stayed, Defendants

> will be forced to expend financial and human resources in defending this action and engaging in the litigation process, including but not limited to expenses associated with engaging in the Rule 26(f) conferral meeting, preparing and filing a proposed Scheduling order, and participating in the Scheduling Conference.  On the other hand, there can be no prejudice to Plaintiff from a stay in this case given that at least a portion of his claim arises from an alleged incident from January 2015—***more than seven years ago***."

(*Id.* at 4-5 (emphasis in original).)

In his Response, Plaintiff argues that "[m]ore delays in proceedings, and ultimately in the resolution of these complaints will result in further continued injuries to plaintiff." (Doc. No. 68 at 2.) Plaintiff states that,

> [t]he loss of income to plaintiff is very large and also has caused injury to plaintiff and family. For example, plaintiff was in direct correspondence with representatives from major recording labels; companies, during 2013, 2014, & 2015, according to Forbes, IMDb and various online sources, three (3) of plaintiff's contemporaries in his genre of music recording, all beginning at approximately the same years (2001-

present) and all signed contracts with same or similar recording companies that Plaintiff was in correspondence with[.]

(*Id.*) Plaintiff's prejudice arguments appear to center on lost income from connections he developed in the recording industry seven or eight years ago, which he apparently lost as a result of Defendants' actions. (*Id.*)  Despite stretching and straining to see the connection Plaintiff seeks to draw, the Court does not see how a stay in this case now would prejudice his ability to generate income, which he admits he lost at least seven years ago. Nevertheless, Plaintiff "undoubtedly [has] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *1 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences."). Thus, even without Plaintiff explaining how he is prejudiced by the delay, the Court takes Plaintiff's statements at face value and finds that "more delays in [the] proceedings…will result in further continued injuries to Plaintiff." (Doc. No. 68 at 2.)

Because Plaintiff will suffer at least some prejudice as a result of a stay, and because forcing Defendants to proceed with discovery now could result in waste and unnecessary burden, the Court finds that the first factor weighs against the imposition of a stay, and the second weighs in favor of a stay, for a neutral outcome on the first two factors.

### Court Convenience

The third *String Cheese* factor typically disfavors a stay because the Court has a strong interest in moving matters forward. However, in this case, where (1) the bulk of Plaintiff's claims were previously dismissed on statute of limitations grounds and Plaintiff's Amended

Complaint raises some of those same claims, and where (2) Defendants filed a second motion to dismiss that could resolve the entire case, a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

In his Amended Complaint, Plaintiff makes new allegations based on incidents that allegedly occurred on July 13, 2020. (Doc. No. 50 at 4.) Further, in his Response, Plaintiff mentions a call with the former Chief of Police on December 13, 2019, which was allegedly "followed by increased stalking by Woodland Park Police." (Doc. No. 68 at 3.). And while Plaintiff does not identify individual officers in his original complaint, he does identify two officers in his Amended Complaint—Officer Hope Couch and her partner. (Doc. No. 50 at 4.) Additionally, as Judge Hegarty noted, the original complaint made "no mention of [Plaintiff] ever being arrested or detained." (Doc. No. 25 at 2.) But the Amended Complaint alleges that the "Woodland Park Police used religious bias in their investigation and created an illegal case against [Plaintiff] so they could arrest [Plaintiff] and illegally imprison [Plaintiff] for over 10 days[.]" (Doc. No. 50 at 4.)

Yet despite the new allegations, the Amended Complaint appears to be plagued by some of the same issues that resulted in the first dismissal. For example, Plaintiff continues to allege that his constitutional rights were violated in connection with a January 15, 2015, incident. (*Id.*) And although difficult to discern, it appears the allegations concerning the individual officer and the alleged imprisonment are connected to the 2015 incident, not the

2020 incident(s). Additionally, the Amended Complaint does not make specific allegations about the May 17, 2022 incident—the one incident Plaintiff was expressly permitted to re-plead. (*Id.*) The Court does not reach the merits of the pending motion to dismiss in this Order, but it notes that Defendants' motion to dismiss, which is based on statute of limitations, the Colorado Governmental Immunity Act, qualified immunity, and failure to state a claim, appears to be strong and the Court is likely to recommend granting that motion, at least in part. (*See generally* Doc. No. 53.) Thus, neither the Court's nor the parties' time and resources are well-served by engaging in the litigation process under these circumstances, and the Court finds the third factor weighs in favor of a stay.

***Interests of Nonparties and the General Public***

Defendant argues that the fourth factor also weighs in favor of a stay because "if this case proceeds to discovery, it is likely that one or more nonparties will be subject to subpoenas. This would result in an unnecessary burden on such parties if Defendants' Motion to Dismiss is ultimately granted." (Doc. No. 65 at 6.) Plaintiff admits that nonparties may be subject to subpoenas, but he argues that "[t]he possible small burden of testifying is a much lesser burden that the burden Plaintiff has been forced to bear as a result of violations to Plaintiff's rights of religious freedom and freedom of belief[.]" (Doc. No. 68 at 3.) Plaintiff's argument on this point is—in some respects—a reiteration of his arguments under the first factor. Moreover, given the Court's preliminary observations of the arguments made in the pending motion to dismiss, the Court is concerned about the potential burden on nonparties in the event of dismissal.

As to the fifth factor, there is no question that the general public's primary interest in

this case is an efficient and just resolution. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). A temporary stay pending resolution of the motion to dismiss, will allow the Court and the City of Woodland Park, both of which are funded by the public, to focus their efforts on other matters that concern the public. *See generally Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). Therefore, this factor also weighs in favor of a stay.

## <u>CONCLUSION</u>

On this record, then, having considered the *String Cheese* factors together, the Court finds that a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that Defendants' "Renewed Motion to Stay Case and Vacate Scheduling Conference" (Doc. No. 65) is **GRANTED**. Discovery in this matter is **STAYED**, pending a ruling on the outstanding motion to dismiss (Doc. No. 53). The Scheduling Conference set for December 19, 2022 is **VACATED**. The proposed scheduling order deadline is also **VACATED**. The parties **SHALL** file a joint status report within ten days of a final ruling on the outstanding

motion to dismiss, if any portion of the case remains, to advise whether the initial case deadlines should be reset.

DATED: December 5, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge