IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00120–DDD–MDB

ROBERT JONAH WAAK,

    Plaintiff,

v.

CITY OF WOODLAND PARK,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (["Motion"], Doc. No. 53.) Plaintiff filed a Motion for/to Objection, which the Court construes as his response to the Motion. (["Response"], Doc. No. 57.) Defendant replied. (["Reply"], Doc. No. 60.) After considering the Motion, the associated briefing, and the relevant law, the Court **RECOMMENDS** that the Motion be **GRANTED**.

### SUMMARY FOR PRO SE PLAINTIFF

    The Court is recommending that some of your claims be dismissed with prejudice and some of your claims be dismissed without prejudice. First, the allegations related to the January 15, 2015 incident fall outside the two-year statute of limitations established by 42 U.S.C. § 1983 and the presiding judge has already ruled that claims arising out of the January 15, 2015, incident are time-barred. Therefore, the Court is recommending that those claims be dismissed with

prejudice. Second, although the allegations related to the July 13, 2020 incident are not barred by the statute of limitations, they do not contain sufficient factual detail to support a violation under 42 U.S.C. § 1983. Therefore, the Court is recommending that those claims be dismissed without prejudice. Third, while the Court interprets some of your allegations as a common law claim for intentional infliction of emotional distress, those allegations also do not contain sufficient factual detail. Therefore, the Court is recommending that those claims be dismissed without prejudice. This is only a high-level summary of the Recommendation. You should read the Recommendation carefully and in its entirety.

## BACKGROUND

### I. Factual Allegations

Plaintiff, proceeding *pro se*, alleges the City of Woodland Park and the Woodland Park Police Department have inflicted harm upon him based on "Religious Hate & Intolerance." (Doc. No. 50 at 4.) In the latest and now operative complaint, Plaintiff alleges that on January 15, 2015, his constitutional right to religious freedom was violated "under the guise of a 'welfare check'" when the "Woodland Park Police used religious bias in their investigation and created an illegal case against [him] so they could arrest [him] and illegally imprison him for over 10 days in attempt [sic] to justify their illegal investigation and violent attack (as seen on video) that was based upon religious hate and intolerance." (*Id.*) Plaintiff also alleges that "[o]n July 13, 2020, the same, said officers of Woodland Park Police Department, returned to the home of their victims, in an act of intentional infliction of emotional distress to harass and intimidate[.]" (*Id.*) Plaintiff identifies "Officer Hope Couch" as one of the officers on the scene for both incidents.

(*Id.*) Plaintiff also alleges that "several other similar incidents" have taken place but does not describe them. (*Id.*)

Based on these allegations, the Court construes a claim for violation of Plaintiff's First Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff also appears to bring a new claim for common law intentional infliction of emotional distress in connection with his July 13, 2020, allegations. (*See id.* at 4 ("[T]his particular incident of intimidation & harassment [was] an act of INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS." (capitalization in original)).)

## II.   Procedural History

Plaintiff filed his original complaint on January 14, 2022, asserting claims against the City of Woodland Park and the Woodland Park Police Department. (Doc. No. 1.) On May 13, 2022, Defendants moved to dismiss all claims. (Doc. No. 11.) On July 14, 2022, The Honorable Daniel Domenico granted Defendants' motion to dismiss, adopting Magistrate Judge Hegarty's recommendation over Plaintiff's objection. (Doc. No. 34.) Specifically, Judge Domenico held that "the Woodland Park Police Department is the incorrect entity to be named in this action and claims against it should be dismissed with prejudice." (Doc. No. 34 at 2.) He also held that Plaintiff "failed to identify a direct causal relationship as required to establish municipal liability, and has not named any individual police officer who conducted the May 17, 2022, investigation." (*Id.*) Judge Domenico also agreed with Judge Hegarty's recommendation that because "Plaintiff bases this lawsuit on a January 15, 2015 investigation . . . the statute of limitations to bring any claim related to law enforcement conduct on that day expired two years later on January 15, 201[7]." (Doc. No. 25 at 6.) Thus, Judge Domenico ordered that "[a]ny actions that occurred before January 14, 2020 are time-barred." (Doc. No. 34 at 2.) Judge

Domenico granted Plaintiff leave to amend based on an incident raised in other filings that allegedly occurred on May 17, 2022. (*Id.*) Plaintiff filed the Amended Complaint on July 28, 2022. In compliance with Judge Domenico's Order, Plaintiff removed the Woodland Park Police Department as a defendant, only bringing claims against the city of Woodland Park.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," *i.e.,* those allegations which are legal conclusions, bare assertions, or

merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## II.     *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has

violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

I.  **Religious Freedom Claim Under 42 U.S.C. § 1983**

   A. **Many of Plaintiff's allegations are precluded by Section 1983's statute of limitations and Judge Domenico's prior ruling.**

Although Judge Domenico ruled that the applicable statute of limitations bars all claims arising out of incidents that occurred prior to January 14, 2020 (Doc. No. 34 at 2), the Amended Complaint recycles the same allegations concerning the January 15, 2015 incident. (*See* Doc. No. 50 at 4 (stating that Plaintiff's first set of allegations stem from an incident "on January 15, 2015").) In light of Judge Domenico's ruling, the Court will not consider allegations regarding any incident or action that took place before January 14, 2020, and on that basis, recommends dismissal with prejudice. (*See* Doc. No. 1; Doc. No. 34 at 2); *see Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("We have made clear that the statute of limitations for Section 1983 actions brought in Colorado is two years from the time the cause of action accrued."); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (stating that dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile).

6

> **B. Plaintiff fails to plead a Section 1983 municipal liability claim in connection with the allegations arising out of the July 13, 2020, incident.**

Plaintiff does, however, bring new allegations related to an incident that allegedly occurred on July 13, 2020. The Court will consider those allegations and determine whether they form the basis of a viable Section 1983 claim.

Woodland Park is the only remaining Defendant. Therefore, to survive the Motion, the Amended Complaint must establish "municipal liability" under Section 1983. Pursuant to *Monell v. Dept. of Soc. Servs. Of City of N.Y.*, a plaintiff who brings claims against a municipality must show: (1) a constitutional violation by a municipal employee, (2) the existence of a municipal custom or policy, and (3) a direct causal link between the custom or policy and the violation alleged. 436 U.S. 658, 694 (1978).

Here, Plaintiff's allegations are deficient. First, although Plaintiff identified Officer Couch as being on the scene at the time of the alleged incident, the Amended Complaint is completely devoid of specific allegations as to how Officer Couch—or any other person—violated Plaintiff's constitutional rights. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting that in the context of a § 1983 suit, "it is particularly important … that the complaint make clear exactly *who* is alleged to have done *what* to *whom*" (emphasis in original)). Plaintiff does not specify what actions Officer Couch or anyone else took while they were on scene, he does not allege any particular statements were made by Officer Couch or anyone else, and he does not contend that he was restrained in any particular way. Instead, Plaintiff makes a single broad allegation that Woodland Park officers were at his home to "harass & intimidate" him and his family. (Doc. No. 50 at 4.) However, this is insufficient to establish a constitutional violation. *See Iqbal*, 556 U.S at 678 (saying that a complaint that "tenders 'naked assertion[s]'

devoid of 'further factual enhancement'" is insufficient) (citations omitted). Accordingly, the Amended Complaint does not sufficiently allege that a municipal employee violated Plaintiff's constitutional rights on July 13, 2020.

Further, and assuming *arguendo* that the operative Complaint did sufficiently plead a constitutional violation by a municipal employee, Plaintiff's allegations would still be insufficient because Plaintiff does not identify a Woodland Park policy or custom—let alone make a causal connection between some policy or custom and the alleged constitutional violation. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) ("[T]he government as an entity may only be held liable when execution of a government's policy or custom … inflicts the injury." (internal quotation marks and citation omitted)). At most, Plaintiff alleges repeated incidents. (*See* Doc. No. 50 at 4 (stating there have been "several other similar incidents … between Jan. 15, 2015 through Dec. 29, 2021" without explaining further).)However, the allegation is conclusory and does not provide any specificity with respect to the who, what, where, when, and how. *See Iqbal*, 556 U.S. at 678 (saying that "naked assertion[s] devoid of further factual enhancement" are insufficient (quotation marks omitted)). For these reasons, and to the extent Plaintiff claims his First Amendment rights were violated on July 13, 2020, the Court recommends dismissal of those claims without prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (stating that the dismissal of a *pro se* claim for inadequate pleading should ordinarily be without prejudice).

II.     **Intentional Infliction of Emotional Distress**

Finally, though not addressed by Defendant in its Motion, the Court notes Plaintiff's reference to "an act of intentional infliction of emotional distress" in relation to the July 13, 2020

incident (*See* Doc. No. 50 at 4 ("[T]his particular incident of intimidation & harassment [was] an act of INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS." (capitalization in original)).) For the sake of completeness, the Court construes this statement as a claim for common law intentional infliction of emotional distress ["IIED"]. *See Trackwell*, 472 F.3d at 1243 (citations omitted) ("Because Mr. Trackwell appears *pro se*, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

In Colorado, "[t]he elements of the tort of intentional infliction of emotional distress … are (1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; (3) causing the plaintiff to suffer severe emotional distress." *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 966–67 (Colo. App. 2009). To prevail on an IIED claim, Plaintiff must meet a high standard. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970).

Here, Plaintiff's Amended Complaint falls far short of a plausible IIED claim. Indeed, Plaintiff provides virtually no factual support for the claim, stating only that Woodland Park caused him emotional distress but failing to specify who did what, when, and how. (*See* Doc. No. 50 at 4 (labeling the return of officers to Plaintiff's home "intentional infliction of emotional distress" without providing factual details describing the officer's conduct or the nature of their visit); *see Iqbal*, 556 U.S. at 679 (stating that "legal conclusions … must be supported by factual allegations"). And though Plaintiff suggests that the July 13, 2020, incident was part of a pattern

of harassment by Defendant, he provides no explanation or supporting details to support this allegation, nor does he provide any specific facts from which the Court could infer the conduct was extreme and outrageous. *See Iqbal*, 556 U.S. at 679. Accordingly, the Court recommends that Plaintiff's IIED claim, insofar as it has been made by Plaintiff, be dismissed without prejudice. *Gee*, 627 F.3d at 1186.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, this Court respectfully

**RECOMMENDS** that Defendant's Motion to Dismiss (Doc. No. 53) be **GRANTED**. Specifically:

(1) Plaintiff's 42 U.S.C. § 1983 claim arising out of the January 15, 2015, incident should be **dismissed with prejudice** as time-barred; and

(2) Plaintiff's remaining claims should be **dismissed without prejudice** for failure to state a claim.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of February, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge